UNITED STATES DISTRCIT COURT
for the
District of Massachusetts

WEST COAST PRODUCTIONS, INC.
, plaintiff

v.

PAUL DUFFANY
, defendant

No. 1:12-CV-10218-WGY

### ANSWER FOR PAUL DUFFANY

Now comes the Defendant in the above-entitled action and hereby submits the following answers, each corresponding to the numbered paragraphs in the complaint filed on behalf of the plaintiffs in the above entitled action:

1. Does not require an answer by the Defendant.
2. Insufficient information, Defendant neither admits nor denies.
3. Denied.
4. Insufficient information, Defendant neither admits nor denies.
5. Admit.
6. Does not require an answer by the Defendant.
7. Insufficient information, Defendant neither admits nor denies.
8. Insufficient information, Defendant neither admits nor denies.
9. Insufficient information, Defendant neither admits nor denies.
10. Denied.
11. Denied.
12. Denied.
13. Denied.
14. Denied.

WHEREFORE, Defendant respectfully requests that this action be dismissed.

## II. AFFIRMATIVE DEFENSES

1. FIRST: Defendant denies each and every material allegation of the complaint not specifically admitted, denied, or controverted above.

2. SECOND: Defendant states that the complaint in the above-entitled matter fails to state a claim upon which relief may be granted.

3. THIRD: Defendant states that if plaintiff has sustained any damages, those damages are attributable to parties for whom Defendant is not legally responsible.

4. FOURTH: Defendant asserts that plaintiff's recovery is barred by 17 U.S.C. § 512.

5. FIFTH: Defendant states that plaintiff's recovery is barred by the doctrine of collateral estoppel.

6. SIXTH: Defendant states that plaintiff's recovery is barred by the doctrine of latches.

7. SEVENTH: Defendant states that plaintiff's recovery is barred by the doctrine of unclean hands.

8. EIGHTH: Defendant states that plaintiff's recovery is barred its own waiver.

9. NINTH: Defendant states that plaintiff's recovery is barred by its failure to join necessary parties.

10. TENTH: Defendant states that plaintiff's recovery is barred by defective service of process.

11. ELEVENTH: Defendant states that plaintiff's recovery is barred because the work at issue is not entitled to copyright protection.

WHEREFORE, Defendant respectfully requests this honorable court dismiss each and every claim asserted by Plaintiff's complaint, and enter judgment for Defendant together with costs, attorney's fees, and such other and further relief as the court deems just and proper.

## III. COUNTERCLAIMS

Defendant hereby states the following counterclaims for damages against Plaintiff:

COUNT ONE: Violation of Electronic Communications Privacy Act (18 U.S.C. § 2520)

12. Plaintiffs obtained the internet addresses (IP Addresses) associated with Defendant's internet service account.

13. Such IP Addresses were obtained by Plaintiff prior to its engaging in legal action pursuant to 17 U.S.C. § 512.

14. Upon information and belief, such IP Addresses were only accessible to plaintiff, under the circumstances, if plaintiff either (a) participated in the conspiracy it alleges, or (b) plaintiff eavesdropped on the communications to which it was not a party.

15. Upon information and belief, Plaintiffs intentionally intercepted, endeavored to intercept, or procured another to intercept or endeavor to intercept a wire, oral or electronic communication, in violation of 18 U.S.C. § 2511(1)(a) in its unlawful investigation in this case.

16. Upon information and belief, Plaintiffs intentionally disclosed, or endeavored to disclose to another person the contents of a wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1) in its unlawful investigation in this case.

17. Upon information and belief, Plaintiffs intentionally used, or endeavored to use, the contents of a wire, oral or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1).

18. Such violations occurred on or about November 17, 2010 at 12:59 PM.

COUNT TWO: Counterclaim for Costs and Attorney Fees Pursuant to 17 U.S.C. § 505

19. Defendant realleges and incorporates the allegations made in each above paragraph.

20. Defendant hereby counterclaims for the recovery of full costs, including reasonable attorney's fees, in the event that Defendant is the prevailing party.

COUNT THREE, Violation of Massachusetts Wiretap Act (M.G.L.c. 272, § 99)

21. Defendant realleges and incorporates the allegations made in each above paragraph.

22. Plaintiffs obtained the internet addresses (IP Addresses) associated with Defendant's internet service account.

23. Such IP Addresses were obtained by Plaintiff prior to its engaging in legal action pursuant to 17 U.S.C. § 512.

24. Upon information and belief, such IP Addresses were only accessible to plaintiff, under the circumstances, if plaintiff either (a) participated in the conspiracy it alleges, or (b) plaintiff eavesdropped on the communications to which it was not a party.

25. Upon information and belief, Plaintiffs willfully intercepted, endeavored to intercept, or procured another to intercept or endeavor to intercept a wire or oral communication, in violation of M.G.L 272, § 99 in its unlawful investigation in this case.

26. Upon information and belief, Plaintiffs willfully disclosed, or endeavored to disclose to another person the contents of a wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of M.G.L. c. 272, § 99 in its unlawful investigation in this case.

27. Upon information and belief, Plaintiffs willfully used, or endeavored to use, the contents of a wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1).

28. Such violations occurred on or about November 17, 2010 at 12:59 PM.

### IV. DEFENDANTS REQUESTED RELIEF

Defendant hereby prays this honorable court enter the following relief for the claims stated above.

29. Statutory damages in an amount to be determined, according to 18 U.S.C. 2520, in the amount of either $100 a day for each day of violation, or $10,000 for each violation.

30. Statutory damages in an amount to be determined, according to M.G.L.c. 272, § 99Q, in the amount of actual damages but not less than liquidated damages computed at the rate of $100 per day for each day of violation or $1000, whichever is higher; punitive damages; and reasonable attorney's fees and other litigation disbursements reasonably incurred.

31. Recovery of full costs, including reasonable attorney's fees pursuant to 17 USC § 505 and M.G.L.c. 272, § 99Q.

32. Such other and further relief as the court deems just and proper.

### V. DEMAND FOR JURY TRIAL

Now comes the Defendant in the above entitled matter, and hereby demands a jury trial on both the complaint submitted by the plaintiff, as well as on the counterclaims asserted above.

Respectfully submitted,
Defendant
By his Attorney,

_____/S/_____
Edward R. Molari, Esq.
BBO#: 675771
185 Devonshire St., STE 302

Boston, MA 02110
Phone: (617) 942-1532
Fax: (815) 642-8351
Email: edward@molarilaw.com

Dated: Monday, February 27, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, February 27, 2012, the foregoing document, together with all documentary exhibits was filed through the ECF system and electronically sent to all registered participants as identified on the Notice of Electronic Filing as of the day and time of filing.

Dated: Monday, February 27, 2012         Signature: _____/S/_____