## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WEST COAST PRODUCTIONS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **C.A. NO. 1:12-CV-10218-WGY** |
| ) | |
| **PAUL DUFFANY,** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff, West Coast Productions, Inc. ("West Coast"), hereby moves to dismiss Defendant, Paul Duffany's ("Duffany"), Counterclaim in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

### I.  Factual Background of West Coast's Motion to Dismiss

West Coast, a film-maker and motion picture copyright holder, filed a Complaint with this Court to stop Defendant from copying and distributing to others over the Internet unauthorized copies (files) of the motion picture for which it holds the exclusive licensing and copyrights, *"Teen Anal Nightmare 2"* (the "Motion Picture"). Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendant's infringement allowed him and untold others unlawfully to obtain and distribute for free the copyrighted Motion Picture that Plaintiff invested substantial sums of money to make.

## II.     Duffany's Counterclaim Fails to State a Claim

### A.  <u>Legal Standard</u>

At the pleading stage, the standard for evaluating whether Defendant's Counterclaims are sufficient to avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires an analysis of whether there exist factual allegations which plausibly suggest that he is entitled to relief. <u>Martino v. Forward Air, Inc.</u>, 609 F.3d 1, 1 (1st Cir. 2010).

Duffany is obligated to provide a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, Duffany's "short and plain" statement needs to contain sufficient detail to provide West Coast with "fair notice of the claim and the grounds upon which it rests." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 8-9 (1st Cir. 2012) (citing <u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007)). Moreover, Duffany's Counterclaim must contain enough facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). Importantly, **"more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is required to satisfy Fed. R. Civ. P. 8(a)(2).** <u>Id.</u> at 8 (Emphasis added).

### B.  <u>Count II of Duffany's Counterclaim is Merely a Request for Costs and Attorney's Fees, and as Such, it Fails to State a Claim Upon Which Relief May be Granted.</u>

Count II of Duffany's Counterclaim is merely a request for costs and attorney's fees pursuant to Counts I and III of the Counterclaim. While Duffany may argue that he is entitled to costs and attorney's fees, such a request is not an actionable claim. Consequently, this purported count fails to state a claim upon which relief may be granted, and the Court should dismiss this count of Duffany's Counterclaim.

**C. Counts I and III of Duffany's Counterclaim Fail to Adequately State a Claim under the *Twombly/Iqbal* Standard of Pleading**

Counts I and III of Duffany's Counterclaim cannot survive under the current pleading standards of this Court because they provide no substantive facts to support the purported claims, and these allegations are nothing more than a recititation of the respective statutes—verbatim—which Duffany is suing under. Twombly provides that Rule 8(a)(2) requires "that the plain statement possess enough heft to *show* that the pleader is entitled to relief." Id. at 557 (Emphasis added). "[A] complaint only 'shows' an entitlement to relief if its factual allegations are 'enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Ocasio-Hernandez, 640 F.3d at 8 citing Twombly, 550 U.S. at 555.

Duffany's Counterclaim fails to state a claim under Iqbal's two-pronged analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). This analysis was created by the Supreme Court to flesh-out the Court's application of their ruling in Twombly. Ocasio-Hernandez, 640 F.3d at 10. "Under this approach, a court resolving a Rule 12(b)(6) motion to dismiss should begin by separating a complaint's factual allegations from its legal conclusions. Unlike factual allegations, legal conclusions contained with a complaint are not entitled to a presumption of truth." Id. citing Iqbal, 129 S. Ct. at 1949-50. The second prong requires the reviewing court "to accept the remaining factual allegations in the complaint as true and to evaluate whether, taken as a whole, they state a facially plausible claim." Id.

Applying Iqbal's first prong in the instant Counterclaim is simple, particularly in light of the fact that Duffany provides virtually no factual support for the language of the statute on which he bases his purported counterclaims.

In his Counterclaim (Count I), Duffany alleges, "Plaintiffs obtained the internet address (IP Addresses) associated with Defendant's internet service account." Counterclaim at ¶ 12. Duffany further alleges, "[s]uch IP Addresses were obtained by Plaintiff prior to its engaging in legal action pursuant to 17 U.S.C. § 512," and then quotes four (4) paragraphs of 18 U.S.C. § 2511. Counterclaim at ¶'s 13-17. Duffany concludes Count I by stating "[s]uch violations occurred on or about November 17, 2010 at 12:59 PM." Counterclaim at ¶ 18.[1] Duffany provides nothing more than legal conclusions without factual support.

Applying Iqbal's second prong to Count I of his Counterclaim—accepting Duffany's factual assertions as true and applying them as a whole—he fails to state a "facially plausible legal claim." 129 S. Ct. at 1949. Duffany does nothing more than "plead the bare elements of his cause of action." Id. at 1954. Accepting paragraphs 12, 13 and 18 as true—the only paragraphs resembling "facts"—this Court is **not left with a plausible claim.**

The aforementioned analysis applies to Count III of Duffany's Counterclaim as well. In Count III, Duffany alleges "Plaintiffs obtained the internet addresses (IP Addresses) associated with Defendant's internet service account." Counterclaim at ¶ 22. Duffany also alleges that "[s]uch IP Addresses were obtained by Plaintiff prior to its engaging in legal action pursuant to 17 U.S.C. § 512," then quotes four (4) paragraphs of M.G.L. c.272, § 99 and 18 U.S.C. § 2511, and provides *no* application of the facts. Duffany concludes Count III by alleging, "[s]uch violations occurred on or about November 17, 2010 at 12:59 PM." Counterclaim at ¶'s 23, 28.

Duffany fails to provide West Coast with sufficient detail of his claims and grounds under which he is suing. Twombly, 550 U.S. at 555. After reading Defendant's Counterclaim,

---

[1] It should also be noted that Duffany's Counterclaim does not contain a separate "facts" section preceding Counts I-III.

West Coast is left perplexed if and how they violated the statutes Duffany is suing under because Defendant fails to set forth any factual support for the statutes he keenly quotes.

West Coast maintains that Duffany's bare bones Counterclaim illustrates that, in actuality, he has no factual basis for any counterclaims. Instead, due to the serious allegations lodged against him for illegally downloading the Plaintiff's property, Duffany is merely alleging any counterclaims he can, in order to gain leverage in this matter.

## III.   CONCLUSION

Because Duffany's Counterclaim fails to set forth a claim in accordance with Fed. R. Civ. P. 12(b)(6), they must be dismissed.

Respectfully Submitted,
WEST COAST PRODUCTIONS,
By Its Attorneys,

DATED:  March 30, 2012

/s/Todd J. Bennett
Todd J. Bennett, Esq. (BBO # 643185)
Eric R. LeBlanc, Esq. (BBO # 666786)
Craig D. Levey, Esq. (BBO # 681531)
BENNETT & BELFORT, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
Telephone: 617-577-8800
Facsimile: 617-577-8811
tbennett@bennettandbelfort.com
eleblanc@bennettandbelfort.com
clevey@bennettandbelfort.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on March 30, 2012, a copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Todd J. Bennett
Todd Bennett