UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WEST COAST PRODUCTIONS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:12-CV-10218-WGY |
| PAUL DUFFANY, | ) ) ) | |
| Defendant. | ) ) | |

**(REVISED) JOINT STATEMENT OF THE PARTIES
PURSUANT TO LOCAL RULE 16.1**

NOW COME the Parties to this action, Plaintiff, West Coast Productions, Inc., and Defendant, Paul Duffany, and hereby submit this first revised joint statement pursuant to Rule 16 (b) of the Federal Rules of Civil Procedure and Local Rule 16.1(d).

As reasons therefore, the Parties state that the amendments made hereby to the joint statement previously filed on April 2, 2012, are necessary to accommodate the trial date agreed upon during the scheduling conference hearing.

**I. AGENDA OF MATTERS TO BE DISCUSSED AT RULE 16 CONFERENCE**

Counsel propose that at the conference the Court be presented with a basic outline of each side's factual and legal contentions, together with the proposed schedule for the expeditious completion of discovery.

**II. SUMMARY OF THE POSITION OF THE PARTIES**

**1. Plaintiff's Position**

Plaintiff is engaged in the production, acquisition, and distribution of motion pictures for theatrical exhibition, home entertainment, and other forms of distribution. Plaintiff is

responsible for the creation, development, and production of the commercially released motion picture entitled "Teen Anal Nightmare 2," which motion picture has significant value and has been produced and created at considerable expense.  At all relevant times hereto, Plaintiff has and continues to be the holder of the pertinent exclusive copyrights infringed by Defendant, as alleged hereunder, for certain copyrighted works, including but not limited to the copyrighted motion picture "Teen Anal Nightmare 2" ("Copyrighted Motion Picture"), which Copyrighted Motion Picture is the subject of valid Certificate of Copyright Registrations # PA 0001701526 issued by the Register of Copyrights.  The Copyrighted Motion Picture contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws.

Plaintiff is informed and believes that Defendant, without the permission or consent of the Plaintiff, used BitTorrent to distribute to the public, the Copyrighted Motion Picture.  More specifically, Defendant, on information and belief, without the permission or consent of the Plaintiff, downloaded and distributed the copyrighted film using the BitTorrent protocol on November 17, 2010 at 12:59 pm via the IP address 98.229.177.234, which was provided by his ISP, Comcast Cable Communications.  In doing so, the Defendant has violated the Plaintiff's exclusive rights of reproduction and distribution.

Defendant's acts constitute infringement of Plaintiff's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. § 101, *et seq*.).  Defendant's acts of infringement were intentional, willful, malicious, and in disregard of and with indifference to the rights of the Plaintiff.  As a result of the Defendant's infringement of Plaintiff's exclusive rights under copyright, the Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

2. **Defendant's Position**

Defendant believes that the evidence will demonstrate that at no time did he participate in sharing Plaintiff's copyrighted works. At most, the evidence will show that there is reason to believe that another person used his internet connection to download Plaintiff's copyrighted works.

To the extent that Plaintiffs propose to pursue a theory of negligent copyright infringement, Defendant submits that no such cause of action exists.

## III.   PROPOSED PRETRIAL SCHEDULE

1. **Initial Disclosures**. Initial Disclosures required by Fed.R.Civ.P. 26(a)(1) must be completed **21** days after the Rule 16 Conference in this action.

2. **Fact discovery Deadlines.**

   All requests for production of documents, interrogatories, and all other fact discovery must be served within 210 days of the Rule 16 Conference.

   All depositions, other than expert depositions, must be completed within 300 days of the Rule 16 Conference.

3. **Expert Discovery.**

   a. Plaintiff's trial expert must be designated, and the information contemplated by Fed. R. Civ. P. 26 (a)(2) must be disclosed 30 days after the close of Fact Discovery.

   b. Defendant's trial expert must be designated, and the information contemplated by Fed. R. Civ. P. 26 (a)(2) must be disclosed 60 days after the close of Fact Discovery.

   *Plaintiff's Position*.

   Based upon Defendant's contention that the copyrighted motion picture files were not downloaded or present on his hard drive, discovery in this case will entail: assuming Defendant denies any illegal downloading/use of Plaintiff's intellectual property, Plaintiff intends to take depositions of any persons that lived in the Defendants household at the time of the illegal download. Additionally, a detailed forensic examination of

> Defendant's hard drive(s) will be desired, in order to ascertain whether the hard drive currently contains or previously contained the copyrighted motion picture files. Plaintiff anticipates that this process, along with the production of expert reports and any ensuing expert discovery will take approximately 180 days. Accordingly, Plaintiff proposes that the scheduling order provide the Plaintiff with 90 days from close of fact discovery to produce an expert report, the Defendant with 120 days from the close of fact discovery to produce an expert report, and the parties 180 days from the close of fact discovery to complete expert discovery.
>
> *Defendant's Position*.
>
> Defendant has no objection to the Plaintiff's proposed schedule.

4. **Dispositive Motions.**

   a. Plaintiff has already filed a motion to dismiss the counterclaims. Further, Dispositive Motions, such as motions for summary judgment or partial summary judgment, must be filed within **90** days of the close of Fact Discovery.

   b. Oppositions to dispositive motions must be filed within **30** days after service of the motion.

## IV. CONSENT TO TRIAL BY MAGISTRATE JUDGE

Plaintiff does <u>not</u> consent to trial by magistrate judge.

## V. LOCAL RULE 16.1(D)(3) CERTIFICATION

Plaintiff, by and through its attorneys, certify that it has conferred regarding the items set forth in Local Rule 16.1(D)(3).

Respectfully submitted,

| | |
|---|---|
| West Coast Productions, Inc, <br> By Its Attorneys, | Paul Duffany, <br> By His Attorney, |
|     /s/Craig Levey<br>Todd J. Bennett (BBO# 643185)<br>Eric R. LeBlanc (BBO# 666786)<br>Craig D. Levey (BBO# 681531)<br>Bennett & Belfort, P.C.<br>24 Thorndike Street, Suite 300<br>Cambridge, MA, 02124<br>Tel:  (617) 577-8800<br>Fax:  (617) 577-8811<br>tbennett@bennettandbelfort.com<br>clevey@bennettandbelfort.com |     /s/Edward Molari<br>Edward R. Molari (BBO# 675771)<br>185 Devonshire Street, Suite 302<br>Boston, MA 02110<br>Tel:  (617) 942-1532<br>Fax:  (617) 815-642-8351<br>edward@molarilaw.com |

Dated: April 5, 2012

**CERTIFICATE OF SERVICE**

    I hereby certify that on Thursday, April 5, 2012, the foregoing document, together with all documentary exhibits was filed through the ECF system and electronically sent to all registered participants as identified on the Notice of Electronic Filing as of the day and time of filing.

Dated: Thursday, April 5, 2012          Signature:   /s/ Edward Molari