UNITED STATES DISTRCIT COURT
for the
District of Massachusetts

| | |
|---|---|
| WEST COAST PRODUCTIONS, INC.<br>                              , plaintiff<br>v.<br><br>PAUL DUFFANY<br>                              , defendant | No. 1:12-CV-10218-WGY |

## **DEFENDANT'S MOTION AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Now comes Paul Duffany (Defendant) in the above-entitled action and hereby moves this Honorable Court to deny West Coast Productions, Inc.'s (Plaintiff's) motion to dismiss.

**I. Factual Background**

The complaint in this case alleges that on November 17, 2011, at 12:59 P.M., Defendant used an internet connection to download "*Teen Anal Nightmare 2*," the copyright to which is allegedly owned by the Plaintiff.  The complaint alleges that at the time, Defendant used an internet account associated with the internet address identifier "98.229.177.234."  Plaintiff alleges that Defendant used "peer-to-peer" software, which enables the transfer of files from one computer to another without the use of an intermediary storage location, to do so.

**II. Argument**

**A. Standard of Review**

Rule 8 of the Federal Rules of Civil Procedure require that a complaint make a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8.  Rule 8 "does not require detailed factual allegations, but it demands more than . . . naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (U.S. 2009).  A complaint devoid of factual allegations cannot withstand a motion to dismiss because "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." Id. Even where some factual assertions are made in a complaint, and credited as true, those factual assertions must be more than "merely consistent with' a defendant's liability," and must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.". Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Twombly, therefore, stands for the proposition that legal conclusions are not entitled to a presumption of truth, and Iqbal stands for the proposition that factual allegations, when credited, must be sufficient to provide some reason to believe that plaintiffs are liable as alleged, beyond a mere choice between two equally possible conclusions.

**B. Count II – Demand for Attorney Fees**

On the authority of Specialty Retailers, Inc. v. Main St. NA Parkade, LLC, 804 F. Supp. 2d 68, 71 (D. Mass. 2011) and Flynn v. AK Peters, Ltd., 377 F.3d 13, 25-26 (1st Cir. 2004), holding that unlike its sister circuits, the first circuit does not hold that attorney fees are "special damages" under Fed. R. Civ. P. 9(g), Defendant does not demur on Plaintiff's motion to dismiss Count II of his counterclaims.

**C. Counts I and III – Electronic Communication Privacy Act and Massachusetts Wiretap Act**

Plaintiffs allege that Defendant's answer does not provide sufficient factual allegations to "raise the right to relief beyond the speculative level." Plaintiffs' memorandum cites allegations number 12 and 13 of Defendant's counterclaim, and then skips to allegations numbered 15, 16 and 17, completely ignoring allegation number 14, which states:

> "Upon information and belief, such IP Addresses were only accessible to plaintiff, under the circumstances, if plaintiff either (a) participated in the conspiracy it alleges, or (b) plaintiff eavesdropped on the communications to which it was not a party."

This statement is neither a recitation of the elements of the statute, nor conclusory. It is a statement of fact which establishes the basis for the "reasonable inference" necessary to

establish the plausibility of the following allegations – that plaintiffs intercepted Defendant's private communications. Defendant does not know, and has no way of knowing prior to discovery, the mechanism by which the Plaintiffs were able to eavesdrop on his private communications. The fact that Plaintiffs are able to produce his internet service address, prior to engaging in the legal mechanism for doing so (alleged elsewhere in Defendant's counterclaim), establishes the factual basis for Defendant's asserted counterclaim.

Under the Twombly/Iqball standard, factual allegations are entitled to a presumption of truth. Plaintiffs allege that the factual allegations in Defendant's counterclaim are essentially so non-existent that there are no factual allegations for the court to credit. The factual allegations made in Defendant's counterclaim are that Plaintiffs eavesdropped on his communications on November 17, 2010, at 12:59 P.M. Crediting as true, the dichotomy presented in Defendant's counterclaim, as the court must under Twombly/Iqball, the allegation is not only plausible on its face, but inescapable.

**III. Conclusion**

For the reasons stated above, Defendant respectfully requests this Honorable Court deny Plaintiff's motion as to counts I and III of his counterclaims for relief, and takes no position on Plaintiff's motion to dismiss count II of his counterclaims for relief.

Respectfully submitted,
Defendant
By his Attorney,

  /s/  Edward Molari
Edward R. Molari, Esq.
BBO#: 675771
185 Devonshire St., STE 302
Boston, MA 02110
Phone: (617) 942-1532
Fax: (815) 642-8351
Email: edward@molarilaw.com

Dated: Tuesday, April 4, 2012

**CERTIFICATE OF SERVICE**

    I hereby certify that on Tuesday, April 4, 2012, the foregoing document, together with all documentary exhibits was filed through the ECF system and electronically sent to all registered participants as identified on the Notice of Electronic Filing as of the day and time of filing.

Dated: Tuesday, April 4, 2012    Signature:    /s/ Edward Molari